**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2026 IL App (3d) 250418-U

Order filed August 11, 2026

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2026

| | | |
|---|---|---|
| CITY OF WHEATON,<br>a Municipal Corporation, | ) ) ) | Appeal from the Circuit Court<br>of the 18th Judicial Circuit,<br>Du Page County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-25-0418<br>Circuit No. 24-CH-113 |
| | ) ) | Honorable |
| PHILIP BODENSTAB, UNKNOWN<br>OWNERS, and NON-RECORD CLAIMANTS, | ) ) | Bryan S. Chapman,<br>Judge, Presiding. |
| Defendants | ) ) | |
| (Philip Bodenstab, | ) ) | |
| Defendant-Appellant). | ) | |

_____

JUSTICE BERTANI delivered the judgment of the court.
Presiding Justice Hettel and Justice Anderson concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:  This court will not review issues raised for the first time on appeal, nor will it entertain arguments that do not comply with Illinois Supreme Court Rule 341(h)(7) when no citations to authority are provided in appellant's brief.

¶ 2    Defendant, Philip Bodenstab, appeals the Du Page County circuit court's decision to grant a motion filed by plaintiff, the City of Wheaton (Wheaton). Wheaton's motion requested permission to perform work that remained after demolition on Bodenstab's property. Bodenstab raises several arguments on appeal that Wheaton contends should be disregarded because they do not comply with our supreme court's rules regarding brief requirements and have not been properly preserved. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4    Wheaton brought an action against Bodenstab regarding certain property that he owned within the city limits. The complaint alleged that Bodenstab committed several municipal ordinance violations on the property regarding his uninhabited and vacant structure and sought demolition of the structure.

¶ 5    After the circuit court entered a default judgment against Bodenstab, he entered into an agreement with Wheaton whereby Bodenstab would hire a contractor, K.C.M. Companies, Inc. (K.C.M.), to perform the work sought by Wheaton. K.C.M. submitted three applications for permits with Wheaton. One application was for the temporary disconnection of water and sewer services while it performed the required work, another was for a curb and driveway permit, and the last was for the actual demolition of the structure.

¶ 6    The demolition application outlined several requirements that the applicant must agree to do prior to Wheaton issuing the permit. The requirements included that the application must show the location of all driveways and service walks and "call them all to be removed," that the drive approach should be removed, the curbing restored at the end of the project, and that the water service be removed from the main. K.C.M. included a demolition plan with its application that met these requirements. Wheaton issued a conditional permit that provided Bodenstab must disconnect

2

the water from the main, disconnect sanitary services, remove drive approach, and follow all other details and city rules.

¶ 7        K.C.M. demolished the structure on December 19, 2024. After Bodenstab did not complete several items Wheaton required for demolition projects, Wheaton filed a motion to perform work on the property. Wheaton attached an affidavit signed by Terry Olson, K.C.M.'s principal. Olson averred that K.C.M. only regraded the portion of the property where the structure was located but advised Bodenstab that the entire property must be regraded, the curb needed to be replaced, the driveway approach removed, and the water service must be abandoned. Bodenstab's sole argument in response to Wheaton's motion was that throughout the application and permit process it never sought abandonment of the water service or that the curb must be replaced.

¶ 8        The matter proceeded to hearing where Bodenstab argued that the work Wheaton sought was not included in the original permitting process. Counsel stated that if Wheaton had requested this work at the appropriate time, Bodenstab likely would not have had an issue with performing the work. The court granted Wheaton's motion to finish the work on the property, and this appeal followed.

¶ 9                                   II. ANALYSIS

¶ 10        Bodenstab makes several arguments on appeal. Those arguments include: (1) Wheaton did not have the authority to make additional requirements and that the *ultra vires* doctrine applies because those requirements exceed the scope of Wheaton's authority, (2) Wheaton was equitably estopped from imposing additional requirements after issuing the permits for demolition, (3) due process and fairness did not allow for the retroactive imposition of these requirements, (4) Wheaton did not prove that the additional charges were fair and reasonable, and (5) no nexus existed between the demolition and the utility mandate. He asks us to reverse the circuit court's

3

decision to grant Wheaton's motion and to vacate Wheaton's requirement to perform the additional work on the property. Wheaton argues that certain portions of Bodenstab's brief should be stricken as they do not comply with Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020), which governs brief requirements. Wheaton also argues that Bodenstab forfeited review of his claims by failing to preserve them in the circuit court. For the first time in his reply brief, Bodenstab asks this court to review these claims under both prongs of the plain-error doctrine.

¶ 11        We must first address Wheaton's request to strike Bodenstab's brief due to numerous violations of our supreme court rules. Illinois Supreme Court Rule 341(h) (eff. Oct. 1, 2020) governs the contents of a brief on appeal. "The rules of procedure concerning appellate briefs are rules and not mere suggestions." *Niewold v. Fry*, 306 Ill. App. 3d 735, 737 (1999). Compliance with these rules is to ensure that a reviewing court is presented with clear and orderly arguments so we may properly ascertain and dispose of the issues. *Hall v. Naper Gold Hospitality LLC*, 2012 IL App (2d) 111151, ¶ 7.

¶ 12        Rule 341 is not a jurisdictional limitation upon this court; rather, it serves as an admonition to the parties. *Brown v. Brown*, 62 Ill. App. 3d 328, 332 (1978). We possess the inherent authority to dismiss an appeal for rule noncompliance. *Lindenmier v. City of Rockford*, 156 Ill. App. 3d 76, 79 (1987). However, dismissing any issue on appeal is considered a harsh sanction, and we will only do so when the violations of the rules hinder our review. *In re Detention of Powell*, 217 Ill. 2d 123, 132 (2005). Bodenstab's brief includes several arguments that fail to comply with Rule 341(h)(7), including those arguments related to due process and fundamental fairness, whether Wheaton demonstrated the charges were fair and reasonable, and whether an appropriate nexus exists between the demolition order and the utility mandate. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). He fails to provide any citation to authority in his initial brief supporting his assertions, nor

4

does he elaborate or explain how the facts of his case apply to his unsupported arguments. Mere contentions without argument or citation to authority do not merit our consideration. *Palm v. 2800 Lake Shore Drive Condominium Ass'n*, 401 Ill. App. 3d 868, 881 (2010). Without any meaningful development, Bodenstab has failed to offer this court any guidance as to how he may be entitled to relief, which greatly hinders our review of his appeal. It is not our responsibility to complete legal research to support an issue that is inadequately argued. See *Walter v. Rodriguez*, 2011 IL App (1st) 103488, ¶ 6; see also *Obert v. Saville*, 253 Ill. App. 3d 677, 682 (1993) (we are not a repository into which the appellant may "foist the burden of argument and research."). Bodenstab has therefore forfeited his arguments regarding these issues. *Obert*, 253 Ill. App. 3d at 682.

¶ 13      We recognize that we have the discretion to reach the merits of any appeal where (1) the appellant's brief adequately apprises us of the arguments (*Young v. City of Centreville*, 169 Ill. App. 3d 166, 169 (1988)), (2) the facts necessary to understand the issue are simple (*In re Marriage of Burke*, 185 Ill. App. 3d 253, 255 (1989)), and (3) reaching the merits serves the interests of judicial economy (*Zadrozny v. City Colleges of Chicago*, 220 Ill. App. 3d 290, 293 (1991)). This is not one of those cases.

¶ 14      As for the remaining two issues before us, whether the *ultra vires* and equitable estoppel doctrines apply, Wheaton argues they were not properly preserved for our consideration. Issues not raised and points not argued in the circuit court are waived on appeal. *Parks v. Kownacki*, 193 Ill. 2d 164, 180 (2000). Bodenstab's arguments before the circuit court were quite simple—the original demolition order did not include the requirement to abandon water service, and the court could not expand the order after the fact. Now on appeal, Bodenstab argues several different legal theories to further his position, none of which were actually argued in the lower court. His sole

argument was that the circuit court's original judgment order did not contain the requirements Wheaton requested in its motion to perform work.

¶ 15		Bodenstab contends in his reply brief that he was not required to use the exact legal terms for each theory in order to properly preserve the issues for appeal. However, when making this argument, he fails to provide proper citations to authority that establishes this rule. Indeed, the only citation he does provide references a nonexistent case. We will not speculate whether this phantom citation was made up, a product of artificial intelligence, or some other error. In any event, Bodenstab is once again in violation of Rule 341(h)(7). Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). Even if this argument is correct, Bodenstab still needed to provide an argument that was encompassed by the legal theory in the circuit court in order to continue to argue it here. See *Holzer v. Motorola Lighting, Inc.*, 295 Ill. App. 3d 963, 978 (1998) (a party may not raise a legal theory for the first time on appeal). He did not do so.

¶ 16		In order to assert a defense under the theory of *ultra vires*, Bodenstab needed to provide an argument that Wheaton entered into a contract without authority. *Estate of Besinger v. Village of Carpentersville*, 258 Ill. App. 3d 218, 226 (1994). While Bodenstab may have argued that Wheaton should not have made additional requirements, he did not argue that Wheaton did not have authority to make those requirements until his opening brief. His arguments at the trial level are completely devoid of any assertions that could lead this court to believe an *ultra vires* defense had been made. This argument is therefore forfeited. See *Parks*, 193 Ill. 2d at 180.

¶ 17		As for Bodenstab's other argument, equitable estoppel, Bodenstab would need to have argued the following elements: (1) Wheaton misrepresented or concealed material facts, (2) it knew at the time it made those representations that they were untrue, (3) Bodenstab did not know the representations were untrue when he acted, (4) Wheaton intended for Bodenstab to act based

6

on those representations, (5) Bodenstab reasonably relied on Wheaton's representations to his detriment, and (6) Bodenstab was prejudiced by that reliance. See *In re Scarlett Z.-D.*, 2015 IL 117904, ¶ 25. At no point in the court below did Bodenstab argue that Wheaton made any representation it knew was untrue intending for Bodenstab to act on them, that Bodenstab relied on Wheaton's representations to his detriment, or that he was prejudiced by them. Not a single element required to establish equitable estoppel is even mentioned in his response or during the hearing. Moreover, Bodenstab fails to argue any of these elements in his appellate brief—he merely states estoppel may apply to municipalities under certain circumstances but does not establish how that could apply in this case. Bodenstab did not allege or argue any of the above points in the circuit court or in his brief and has thus forfeited the ability to raise them here in the appellate court. See *Kopf v. Kelly*, 2024 IL 127464, ¶ 77 (" 'It is well settled that issues not raised in the trial court *** may not be raised for the first time on appeal.' " (quoting *Haudrich v. Howmedica, Inc.*, 169 Ill. 2d 525, 536 (1996)).

¶ 18        Bodenstab contends that even if these arguments were not properly preserved for appeal, we should still review them under the plain error doctrine. Generally, points not argued in an initial brief "are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing." Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). Although Bodenstab did not argue plain error in his opening brief, he has argued it in his reply brief. This is sufficient to allow us to review the issue for plain error. *People v. Ramsey*, 239 Ill. 2d 342, 412 (2010) (citing *People v. Williams*, 193 Ill. 2d 306, 347-48 (2000)).

¶ 19        Under the plain-error doctrine, a reviewing court may consider unpreserved error when:

> "(1) a clear or obvious error occurred and the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant,

7

regardless of the seriousness of the error, or (2) a clear or obvious error occurred and that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007).

¶ 20 The application of the plain error doctrine to civil cases should be exceedingly rare. *Wilbourn v. Cavalenes*, 398 Ill. App. 3d 837, 856 (2010) (citing *Palanti v. Dillon Enterprises, Ltd.*, 303 Ill.App.3d 58, 66 (1999)). It may be applied in civil cases only if the prejudicial error that occurred was so egregious that it deprived the complaining party of a fair trial and substantially impaired the integrity of the judicial process itself. *Id.* However, the availability of plain error review does not relieve Bodenstab of his burden to establish that plain error actually occurred. *People v. Hillier*, 237 Ill. 2d 539, 545-46 (2010) ("[W]hen a defendant fails to present an argument on how either of the two prongs of the plain-error doctrine is satisfied, he forfeits plain-error review."). Bodenstab's brief has once again failed to argue, or even mention, either circumstance that would enable this court to review the *ultra vires* and equitable estoppel issues under the plain-error doctrine. He does not even attempt to explain how any alleged error was so egregious that we must apply the plain error doctrine here. As with his other points on appeal, we will not provide an argument for Bodenstab regarding this issue and therefore decline to consider it.

¶ 21 III. CONCLUSION

¶ 22 We find that the issues presented in Bodenstab's brief must either be stricken due to failure to comply with Rule 341(h)(7) or were not properly preserved for appeal. Accordingly, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.